**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                December 9, 2011

Courtroom Deputy:  Nel Steffens
Court Reporter:    Tracy Weir
Probation Officer: Patrick Lynch

**Criminal Action No.  10-cr-00133-REB**

*Parties:*                                         *Counsel:*

UNITED STATES OF AMERICA,                          Matthew Kirsch

    Plaintiff,

v.

3.  KIMBERLY K. WHITE,                             Joseph Saint-Veltri

    Defendant.

**SENTENCING MINUTES**

**2:53 p.m.    Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.  Court notes that immediately prior to the commencement of this hearing, the court conferred informally with counsel in chambers.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.  Mr. Kirsch orally moves to dismiss Counts 1, 7, 8, 9, and 14 of the Superseding Indictment as to this defendant only.  Defendant has no objection.

Discussion regarding amount of restitution.  Parties stipulate to the total amount of restitution of $1,088,912.00.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of

- 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the government's oral motion to dismiss with prejudice Counts 1, 7, 8, 9, and 14 of the Superseding Indictment as to this defendant only, is **GRANTED**; that accordingly, Counts 1, 7, 8, 9, and 14 of the Superseding Indictment are **DISMISSED WITH PREJUDICE**;

    - the defendant's **Motion for Non-Guideline Sentence** [#154] filed November 14, 2011, is **GRANTED** to the extent consistent with the foregoing findings and conclusions and the following orders;

    - the defendant's **Motion To Apportion Restitution** [#155] November 14, 2011, is **DENIED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count 6 of the Superseding Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant be sentenced to supervised probation for a term of **five (5) years**, during which term she shall be subject to the jurisdiction of the court and the probation department;

5. That while on supervised probation the defendant shall comply with the following conditions of supervised probation :

- all mandatory conditions of supervised probation , prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised probation approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised probation :

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised probation;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

    - that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer unless defendant is then in complete compliance with the periodic payment obligations imposed in these orders;

    - that the defendant shall apply any monies received by her from income tax refunds, lottery winnings, inheritances, devises, judgments, and any anticipated or unanticipated financial gains to the outstanding court-ordered financial obligations in this case, which will include restitution, a special victim's fund assessment, and probable expenses associated with the performance of community service;

    - that at defendant's expense, the defendant shall be placed

        on home detention for a term and period of **twelve (12) months**, to commence with twenty-one (21) days of sentencing as directed by her probation officer; provided, furthermore, that during this time, (1) the defendant shall remain at defendant's place of residence except for employment and other activities approved in advance by the probation department; (2) home detention shall be enforced and supervised by electronic monitoring, which will be facilitated by the defendant maintaining a telephone at her place of residence free from any special services, modems, answering machines, or cordless telephone for the above period; and (3) the defendant shall wear electronic monitoring devices and shall comply with the rules and procedures specified by her probation officer;

- that the defendant shall perform 400 hours of community service at the rate of not less than 100 hours per year in years two through five of probation; that to facilitate the performance of this community service, the defendant, on or before September 1, 2012, shall prepare a plan approved by her probation officer outlining the activities that she will perform in any given period of time to satisfy this special condition of probation;

6. That no fine is imposed;

7. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

8. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That the defendant shall pay restitution for the benefit of the victims identified in the PSR, payable to the care of the Clerk of the Court in full, in the amount of $1,088,912.00, to be paid jointly and severally with co-defendants, (1) Shawn Tieskotter and (2) Craig Patterson, to be paid in installments of not less than ten percent (10%) of the defendant's gross monthly income as determined periodically by her probation officer; provided that interest on restitution is waived;

11. That immediately following this hearing, the defendant and her counsel shall report in person to Mr. Lynch to schedule an appointment to read,

>review, and sign the required conditions of probation imposed in the sentencing orders of this court.

Mr. Kirsch asks that he be given leave of the court to provide an updated restitution amount that is broken down by victim.  Defendant has no objection.

>**IT IS FURTHER ORDERED** as follows:

>12.  That the government's oral motion to provide next week an updated restitution amount broken down by victim to the probation department is **GRANTED.**

Parties state they have no objections to the sentence imposed.

The defendant waives formal advisement of appeal.

**3:41 p.m.     Court in recess.**

Total time in court:   00:48

Hearing concluded.